IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENZEL J. MASSENGILL, | § | |
| | § | |
| Defendant Below, | § | No. 222, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. N2212005874 |
| | § | N2212011507 |
| Appellee. | § | N2212011314 |
| | § | N2212006212 |

Submitted: December 18, 2025
Decided: January 30, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) The appellant, Denzel J. Massengill, resolved numerous charges in several cases by pleading guilty to carrying a concealed deadly weapon ("CCDW"),[1] three counts of third-degree burglary, two counts of theft of a firearm, and theft of a motor vehicle. On April 16, 2025, the Superior Court sentenced Massengill as follows: for CCDW, eight years of imprisonment, suspended after four years for

---

[1] Massengill pleaded guilty to CCDW as to a handgun.

four years of Level IV DOC Discretion, suspended after one year for eighteen months at Level III probation with GPS monitoring; for each of two of the third-degree burglary counts, three years of imprisonment, suspended for eighteen months at Level III probation with GPS monitoring; for the third count of third-degree burglary, three years of imprisonment, suspended after one year for eighteen months of Level III probation with GPS monitoring; for each count of theft of a firearm, two years of imprisonment, suspended after one year for eighteen months of Level III probation with GPS monitoring; for theft of a motor vehicle, nine months of imprisonment.[2]  The court also ordered Massengill to pay restitution and imposed other conditions.

(2)  In this direct appeal, Massengill's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In her statement filed under Rule 26(c), counsel indicates that she informed Massengill of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.  Counsel also informed Massengill of his right to submit points he wanted this Court to consider on appeal.  Massengill requested an additional thirty days to prepare his points, and Counsel requested and

---

[2] On September 9, 2025, the Superior Court modified the sentence for theft of a motor vehicle, suspending the nine months of imprisonment for one year of Level III probation.

obtained an extension from this Court. Despite the extension, Massengill did not submit any issues for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed, except to the extent the probationary portion of Massengill's sentence for certain offenses exceeds statutory limits, as discussed below.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(4) The probationary portions of Massengill's sentences for third-degree burglary and theft of a firearm exceed the one-year maximum period of probation that may be imposed for a crime that is not violent or drug-related.[5] Although Massengill's sentence requires him to pay restitution and Section 4333(d)(3) permits

---

[3] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson*, 488 U.S. at 82.

[5] *See* 11 *Del. C.* § 4333(b) (effective Aug. 8, 2012, to Dec. 27, 2025) ("The length of any period of probation or suspension of sentence shall be limited to: . . . (3) One year, for any offense not otherwise specified in paragraph (b)(1) [addressing felonies designated as violent under 11 *Del. C.* § 4201(c)] or (2) [addressing Title 16 offenses] of this section."); 11 *Del. C.* 4201(c) (effective Sept. 3, 2015, to July 30, 2023) (designating certain felonies as violent felonies, and not including third-degree burglary under 11 *Del. C.* § 824 or theft of a firearm under 11 *Del. C.* § 1451).

the sentencing court to impose a longer probationary period if "necessary to ensure the collection of any restitution ordered," the probationary period exceeding one year for a nonviolent, non-drug-related crime "shall be served at Accountability Level I—Restitution Only."[6] The sentences imposed for third-degree burglary and theft of a firearm must therefore be corrected.[7] We note that because CCDW is designated as a violent felony if, as here, the weapon is a firearm, Massengill's eighteen-month period of probation for that offense is within the statutory limit.[8]

(5) The Court has reviewed the record carefully and concluded that, except as to the periods of probation discussed herein, the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Massengill could not raise any other meritorious claim on appeal.

---

[6] 11 *Del. C.* § 4333(d)(3) (effective Aug. 8, 2012, to Dec. 27, 2025).

[7] *See, e.g.*, *Burton v. State*, 2024 WL 4658278, at * (Del. Nov. 4, 2024) (remanding second-degree conspiracy sentence for correction because eighteen-month period of probation exceeded statutory maximum under Section 4333(b) and otherwise affirming defendant's convictions and sentences).

[8] *See id.* § 4333(b)(1) (authorizing a probationary period up to two years for a violent felony); *id.* § 4201(c) (effective Sept. 3, 2015, to July 30, 2023) (designating Carrying a Concealed Deadly Weapon (Firearm Offense) as a violent felony).

NOW, THEREFORE, IT IS ORDERED that the sentences for third-degree burglary and theft of a firearm are REMANDED for correction of the probationary periods. The judgment of the Superior Court is otherwise AFFIRMED. The motion to withdraw is moot. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice